Hey police the court my name is Robert Bartels I'm counsel for the petitioner appellant Luis Martinez. This is a federal habeas corpus case in which the petitioners state court direct appeal counsel took it upon herself to file what in Arizona is known as a notice of post-conviction relief. That's a short form that formally commences post-conviction relief proceedings, but does not state anything about the grounds for relief. Is this similar to the briefs we get very frequently on appeal where counsel says they've looked at the record and there's no reason for appeal? Well that's the next thing that happened, Your Honor. The notice of trying to get the, if you could come back, is the Arizona law indicate that counsel should examine the appeal in post-conviction appeal, and if the counsel finds no arguable ground should file some memorandum. Is that what the Arizona law? Well, no, Your Honor. The counsel, State counsel we're talking about right now, was appointed to represent Mr. Martinez. Ms. Levitt. Ms. Levitt on direct appeal. She had no responsibility to do anything with respect to post-conviction relief, and the normal procedure in Arizona is that the defendant and counsel wait until the conclusion of direct appeal to file a notice, decide whether to file a post-conviction relief proceeding. That's the norm, but you can, as in other states, you can appeal them at the same time? Yes, Your Honor, that's permissible. Okay. There's nothing wrong with filing the initial notice of post-conviction relief. The problem comes in here because having done that, Ms. Levitt then, a few months later, without having contacted trial counsel or having otherwise investigated ineffective assistance of trial counsel, filed a second notice or statement that she had not found any errors or issues to raise in post-conviction relief. Now, she was still attorney for the counsel in the direct appeal at that time? That's correct, Your Honor. That was still the case. Did she continue to represent him in the direct appeal? She did, Your Honor, through the court of appeals when that was and that decision happened some time after the, both the notice of post-conviction relief was filed and the I'm just trying to get how this worked out. Does the record show why she filed a post-conviction statement at that time? Your Honor, there's nothing in the record and there's no possible explanation for filing the notice of post-conviction relief before she had decided whether there were any issues to raise. There was no point in doing that. I take it under the law she can decide that there's no separate post-conviction problems, that the particular issues raised will be taken care of on direct appeal. Your Honor, once the notice of post-conviction relief has been filed, counsel in Arizona can file a statement that the counsel has not found any issues. The problem here is that the issue that overwhelmingly is the most frequent one to raise in post-conviction relief, because of Arizona's preclusion rules, is ineffective assistance of counsel. And to file a notice of post-conviction relief and then a statement that there were no issues without having done what you have to do in order to examine whether there was effective assistance of trial counsel is inexplicable. In a subsequent post-conviction relief proceeding, now with different counsel, though the state courts held that direct appeal counsel's inexplicable and empty gesture in filing this notice of post-conviction relief and then basically saying, well, never mind, that that precluded Mr. Martinez's ineffective assistance of trial counsel claims that he asserted in what technically became a second post-conviction relief proceeding. Nothing ever happened in the first one of substance, but the state courts regarded the post-conviction relief proceeding, which ineffective assistance of trial counsel was raised, as a second petition, and therefore the claims which could have been raised in the first one were precluded. expired, precluded, yeah. The petitioner's briefs have explained, I think, why the state court's preclusion ruling is not adequate to prohibit habeas review under this court's decision in Hoffman v. Arav, and why also, in any event, any procedural default would be excused by cause and prejudice. And particularly with respect to that second point, it's an make it clear that there is a right to counsel. What does the record show as to the law issue? That is, for example, I know of one state where they encouraged the post-conviction remedy to go up with the appeal so the appellate court can deal with both of them at the same time, saves time, gets the focus going. And that makes some sense. Is Arizona the same, where they have a law where you can go up at the same time on the direct appeal and the post-conviction relief? That's still possible, Your Honor. But the Arizona Supreme Court in 2002, in State v. Sprites, said, we don't want you raising ineffective assistance to counsel on direct appeal anymore. You're not allowed to do that. And we basically recommend that you deal with the non-ineffective assistance claims on direct appeal first and then bring a post-conviction relief petition. And in fact, in most cases, there's absolutely no reason to file the notice of post-conviction relief and raise ineffective assistance at trial counsel until you see what happens with the direct appeal issues. But one important thing here is that the defendant is prohibited now from raising ineffective assistance at counsel on what's labeled direct appeal. They can both happen simultaneously, though, that and post-conviction relief. So your claim here is based upon ineffective assistance of Ms. Leavitt when in the post-conviction phase? That's correct, Your Honor. So then you have to overcome the problem that he's not entitled to an attorney and therefore cases of help that you can't charge ineffective assistance. Your Honor, this Court has stated on several occasions, I'm not sure many of them really were holding to this effect, and the Bonin 1 and 3 cases are two of those, that there's no constitutional right to counsel in even a first post-conviction relief petition. None of those cases address, because nobody raised, the argument that Douglas v. California made it clear that you do have a constitutional right to counsel on your first appeal. And we say only with respect to ineffective assistance at counsel now in Arizona, post-conviction relief is the first appeal. And then Halbert, after the decisions I'm thinking of by this Court that we've been talking about, made it clear that Douglas didn't mean something that's labeled an appeal. It means the first peer review, the first opportunity that the defendant has to challenge the conviction, and in this case on ineffective assistance at counsel grounds. And that clearly was the first post-conviction relief petition. And nobody, the lower courts, the Attorney General's office, have given no explanation really why in Arizona the post-conviction stage with respect to ineffective assistance at counsel does not fit perfectly what the Court describes in Halbert as first tier review. My time is up. Thank you. That includes my rebuttal time. May it please the Court. Please proceed. Thank you, Your Honor. May it please the Court. My name is John Todd. I represent the State of Arizona, the Respondents in this matter. I have basically just three points. First, the legal predicate for Mr. Martinez's claim to be considered in this Court is that there is some sort of cause and prejudice based on the ineffective assistance of PCR counsel, post-conviction relief counsel. This Court expressly rejected that claim in Bonin. It reaffirmed the rejection in Jeffers v. Lewis on Bonk and has continued to reject that in a multitude of cases. I guess the issue, I mean, I'm aware of those cases, and the issue becomes is there something in Halbert that is sufficient under the standard we apply to ourselves for undoing our own past precedent in Miller v. Gamey? Is there something in Halbert sufficient to justify abandoning the previous decisions? And that was my second point, Your Honor. I guessed. I guessed. I see nothing in Halbert that undercuts or is even closely on point to any of the Ninth Circuit precedents or any of the Supreme Court precedents, including Coleman. Douglas, which Halbert is solely dependent on Douglas, it's Douglas was a direct appeal case, obviously. It dealt with the right to counsel under due process equal protection, and that was the sub-argument or the argument really in Halbert. Here, these the cases that this Court has relied on in the past deal with not direct appeals, not direct attacks on the conviction, but collateral attacks on the attorney under the Sixth Amendment. And so Halbert clearly is not close on point. Well, the logic of Halbert is it's not in a different neighborhood either. You understand there is some sense from Halbert that we ought to examine not simply the label, but the notion of what's the first real opportunity to address a given issue. Yes, Your Honor. I understand that. And but there are policy concerns, and these are this the procedural posture in a collateral attack upon a final judgment. Halbert, Douglas are all prior to the final judgment. But here what he is trying to extend that reasoning to an attack on a final judgment. And what it does is, as the Court said in Bonham, it sets up an infinite continuum of litigation. In other words, the first PCR attorney was ineffective because he didn't see certain issues that the trial attorney had. The next, and that the Mr. Martinez argues that in order to really understand ineffective assistance of counsel, you have to have a layperson couldn't do this. You need an attorney to do this. So you would have to have an attorney attack the second PCR counsel and find that he was ineffective and so forth and so forth. And you can law if a person pleads guilty, can they appeal? They can under, as I understand Halbert, they can appeal if the court authorizes an appeal. And what Halbert said is that it was unfair for indigent defendants to seek an appeal because they don't have the legal knowledge to put forth the best points of their appeal, so then they never grant, get an appeal. That's my understanding of Halbert. And so this puts on an equal basis. Roberts. What you're saying is that's different from Ellis. I'm sorry? What you're saying is that's different from Ellis. From Ellis. Yeah, on the case of Ellis. Yeah. So definitely different from Bonham or from Jeffers v. Lewis. And my third point would be that even if you were to believe that Halbert somehow undercut Ninth Circuit precedent, was somehow on point, closely on point, Congress under the ADPA, which this case is, explicitly said that you cannot ground relief for a case, a habeas case, federal habeas case, based on incompetence or ineffective assistance of counsel under 2254I. And so if nothing else, it's the state's position that Congress has resolved this issue with that statute. If there are no further questions. I see none. Thank you. We thank both counsel for the argument. The Martinez case is submitted.
judges: Wallace, Hug, Clifton